**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2029
_____

IN RE:  HECTOR L. HUERTAS,

                                                          Petitioner
_____

On a Petition for Writ of Mandamus from the United
States District Court for the District of New Jersey
(Related to D.C. No. 1-17-cv-01891)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 30, 2019
Before:  AMBRO, KRAUSE and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 13, 2019)
_____

OPINION*
_____

PER CURIAM

        Hector Huertas petitions for a writ of mandamus.  For the reasons that follow, we

will deny the petition.

        Huertas filed suit pro se in the United States District Court for the District of New

Jersey in connection with his purchase of a used car on December 22, 2016.  Huertas

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

claimed that he was under duress when he purchased the car at an inflated price and on credit terms that he could not afford. Huertas claimed that he went to the Cherry Hill Mitsubishi dealership and was told that he qualified to purchase a car with no down payment. He ultimately purchased a 2013 Hyundai Sonata for $17,000.95, signing a Motor Vehicle Retail Order Agreement which contained an arbitration provision. Huertas sought, but evidently was unable, to cancel the sale, and this suit alleging violations of various state and federal consumer protection laws followed. Huertas sought compensatory and statutory damages in the amount of $81,092.40 and punitive damages.

Defendants Foulke Management Corp., Cherry Hill Mitsubishi, Cherry Hill Triplex, and Anthony Trapani ("Foulke") moved to dismiss the complaint and compel arbitration on the ground that Huertas signed an arbitration agreement that required him to arbitrate his claims. Defendant Capital One separately moved to dismiss the complaint and compel arbitration.[1] In response to Capital One's motion, Huertas moved to amend his complaint. In an order entered on December 18, 2017, the District Court (1) granted Foulke's motion to compel arbitration but stayed Huertas' claims against Foulke pending the arbitrator's decision concerning arbitrability of the claims; (2) ordered that Capital One's motion to compel arbitration be administratively terminated; and (3) dismissed Huertas' motion to amend without prejudice for failure to comply with L. Civ. R. 7.1(f).

---

[1] Foulke assigned its rights under the sales contract to Capital One.

2

The Court determined that, because Huertas challenged the validity of the sales contract as a whole, in accordance with the arbitration agreement's delegation clause and Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 68-69 (2010), his substantive claims, as well as his challenges concerning arbitrability, all must be decided by the arbitrator.[2]

On or about May 29, 2018, Arbitrator Robert K. Amron determined preliminarily that the arbitration agreement was valid and that he had jurisdiction to arbitrate Huertas' consumer fraud claims against Foulke. Huertas then renewed his motion to amend his complaint with respect to Capital One; the District Court granted the motion in part; and Capital One moved to dismiss the amended complaint and compel arbitration. Huertas also filed a motion to vacate the Arbitrator's decision.

In an order entered on March 13, 2019, the District Court (1) denied Capital One's motion to dismiss pending expedited discovery on issues relevant to whether Huertas' claims against Capital One were subject to arbitration;[3] and (2) denied as premature Huertas' motion to vacate the Arbitrator's decision concerning the extent of his jurisdiction with respect to the claims against Foulkes. On May 15, 2019, Capital One

---

[2] In Rent-A-Center, the Supreme Court held that a provision of an employment agreement which delegated to an arbitrator exclusive authority to resolve any dispute relating to the agreement's enforceability was a valid delegation under the Federal Arbitration Act ("FAA"). We note that the FAA represents "a congressional declaration of a liberal federal policy favoring arbitration agreements." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).

[3] See generally Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 774-75 (3d Cir. 2013) (if affirmative defense of arbitrability is not apparent from face of complaint, motion to compel arbitration should be decided under summary judgment

answered the amended complaint. The Magistrate Judge assigned to this matter has scheduled a conference for July 2, 2019 to arrive at a schedule to manage discovery.

Although the case is ongoing in the District Court, on May 7, 2019, Huertas filed a petition for writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651, challenging the U.S. District Judge's December 18, 2017 and March 13, 2019 orders. He asks that we direct the District Judge assigned to his case to vacate those orders, arguing that they were issued in excess of the District Judge's jurisdiction. Specifically, Huertas complains that the District Judge has unnecessarily delayed resolution of his claims by referring an arbitrability question to the Arbitrator, ordering discovery, and blocking his efforts to appeal to this Court by issuing nonfinal interlocutory orders. He also argues that the Arbitrator's decision on arbitrability is in conflict with Goffe v. Foulke Management Corp., 185 A.3d 248 (N.J. Super. Ct., App. Div. 2018). Extraordinary circumstances are present, he argues, and can only be remedied by issuance of the writ. The Hyundai is not roadworthy, he claims, and if Capital One had notified him that he qualified for a $17,000 auto loan, he would have "shopped around different dealers for the best price." Petition, at 26.

We will deny the petition for writ of mandamus. A writ of mandamus is an extraordinary remedy. In re: Pressman-Gutman Co., Inc., 459 F.3d 383, 398 (3d Cir. 2006). The petitioner must have no other adequate means to obtain the relief desired and

standard).

4

must show a "clear and indisputable" right to the writ.  See Kerr v. United States District Court, 426 U.S. 394, 403 (1976).  A writ of mandamus may not issue if a petitioner can obtain relief by way of an appeal.  See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. LAR 24.1(c).  Under 9 U.S.C. § 16(b), an interlocutory order granting a motion to compel arbitration is not immediately appealable.  Section 16 "makes clear that any order favoring litigation over arbitration is immediately appealable and *any order favoring arbitration over litigation is not*."  Ballay v. Legg Mason Wood Walker, Inc., 878 F.2d 729, 732 (3d Cir. 1989) (emphasis added).  Nevertheless, Huertas may obtain any relief he is due by appealing at the conclusion of his case in the District Court.

Huertas argues that he will be prejudiced if he is required to wait until the conclusion of his case to appeal but the argument is unavailing.  Review after final judgment is sufficient to cure the harm to a litigant who has lost his case in the District Court.  See Madden, 102 F.3d at 78.  To the extent that Huertas focuses his argument on the Goffe case, the relevance of Goffe to arbitrability and the circumstances of his purchase of the Hyundai may be fully considered on appeal.[4]  Moreover, the management

---

[4] Goffe involved two plaintiffs, one of whom purchased a Buick at the Cherry Hill Mitsubishi dealership and signed several documents, including one that contained an arbitration provision.  The plaintiff later cancelled the sales contract.  The trial court ruled that the matter was subject to arbitration and dismissed the case.  On appeal, the Appellate Division of the New Jersey Superior Court reversed and remanded, holding that "the circumstances surrounding the execution of the documents in question raise legitimate questions about the enforceability of defendants' otherwise acceptable

of her docket is committed to the sound discretion of the District Judge. See In re: Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982). Here, the alleged delay is in no way tantamount to a failure to exercise jurisdiction. See Madden, 102 F.3d at 79.

---

arbitration provisions, namely: (a) whether … an enforceable sales contract was ever formed; (b) whether, in both cases, defendants complied with [N.J. Stat. Ann. § 56:8-2.22], and (c) whether -- with the agreements to rescind reached by the parties in both cases -- the arbitration provisions contained in the sales contracts were also rescinded." 185 A.3d at 256.